UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEOVERA SPECIALTY INSURANCE COMPANY,

    Plaintiff,

Case No. CaseNumber

vs.

SHELLY MILLER and JOHN MILLER,

    Defendants
_____/

## COMPLAINT FOR DECLARATORY RELIEF

GEOVERA SPECIALTY INSURANCE COMPANY (hereinafter "GeoVera") files suit against SHELLY MILLER and JOHN MILLER (hereinafter the "Millers") and alleges:

### NATURE OF ACTION

1. This is an action for declaratory relief under 28 U.S.C. § 2201 to determine if there is no coverage for the Millers' supplemental claim due to GeoVera being materially prejudiced by the Millers' demolishing the subject property.

### JURISDICTION AND VENUE

2. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of attorney's fees, interests, and costs.

3. Venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(a)(2). More

1

specifically, the subject insurance policy was issued and delivered to the Millers in this district, the subject property is located within this district, and the underlying claim occurred in this district.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. GeoVera is a Delaware corporation with its principal place of business in California.

6. GeoVera issued a surplus lines homeowners' insurance policy to the Millers.

7. Upon information and belief, the Millers are citizens of Florida and/or Kentucky and are domiciled in Florida and/or Kentucky.

## THE UNDERLYING CLAIM

8. GeoVera issued to the Millers a surplus lines homeowners' insurance policy, Policy No. GH70028817 (hereinafter the "Policy") which insured property located at 1530 Sandpiper Street, Naples, Florida 34102 (hereinafter the "Property"). *See Certified Copy of the Policy attached hereto as Exhibit "A."*

9. On or about September 28, 2022, the Property was allegedly damaged as a result of Hurricane Ian (hereinafter the "Loss").

10. On or about September 30, 2022, Tanisha Weatherford (hereinafter "Weatherford"), on behalf of the Millers, reported a claim for Property damage to GeoVera.

11. In response to the reported claim, GeoVera assigned Claim No. 2224257533.

12. On October 1, 2022 GeoVera spoke with Shelly Miller who informed GeoVera there was possible wind damage to the Property and that the majority of the damage was the result of flooding.

13. The Policy does not provide coverage for flood damage. It is specifically excluded. *See Exhibit "A."*

14. The Millers have filed a separate claim for flood damage with a different insurance carrier related to the Loss.

15. On October 6, 2022, Amanda Goobie (hereinafter "Goobie") with Global Risk Solutions, Inc. inspected the Property on behalf of GeoVera.

16. On October 13, 2022, GeoVera accepted coverage for the non-flood damage and issued payment to the Millers in the amount of $21,212.88. *See October 13, 2022 Coverage Letter attached hereto as Exhibit "B."*

17. Thereafter, GeoVera closed its claim file on October 13, 2022.

18. Prior to issuing the above referenced payment, the Millers, nor anyone on their behalf, submitted an estimate to GeoVera with the amounts they were seeking as a result of the Loss.

19. On December 15, 2022, public adjuster, Jason Holzem (hereinafter "Holzem"), submitted a letter of representation to GeoVera on behalf of the Millers. Holzem's letter advised due to the FEMA 50% rule, the Property was going to have to be demolished.

20. Therefore, the Property was to be demolished due to flooding and not due to wind damage.

21. No estimate prepared by Holzem, or anyone else on the Millers' behalf, was submitted to GeoVera along with the letter of representation.

22. Following receipt of Holzem's letter of representation, GeoVera requested a reinspection of the Property.

23. On or about January 18, 2023, Goobie and Holzem inspected the Property. At the inspection, Holzem did not provide Goobie with an estimate of the disputed damages.

24. On or about February 1, 2023, GeoVera issued a supplemental payment to the Millers in the amount of $3,269.58. *See February 1, 2023 correspondence attached hereto as Exhibit "C."*

25. Prior to issuing the above referenced payment, Holzem still had not submitted an estimate to GeoVera disputing the scope or amount of loss.

26. On February 23, 2023, GeoVera emailed Holzem requesting he provide an estimate of the disputed damages.

27. No estimate was provided to GeoVera by Holzem in response to GeoVera's February 23, 2023 email.

28. On March 8, 2023, GeoVera emailed Holzem again requesting that he provide an estimate of the disputed damages.

29. No estimate was provided to by Holzem in response to GeoVera's March 8, 2023 email.

30. On March 22, 2023, GeoVera emailed Holzem again requesting that he provide an estimate of the disputed damages.

## THE SUPPLEMENTAL CLAIM

31. On March 29, 2023, Holzem emailed GeoVera stating the "property has been fenced off to prep it for demo." Included with Holzem's email was an estimate prepared by Thomas Martin Construction Inc. (hereinafter "TMC") in the amount of $625,080.00 which included both flood and wind damaged items.

32. The TMC estimate was the first time anything had been submitted to GeoVera showing the amount the Millers were disputing was owed as it relates to the Loss.

33. Once the TMC estimate had been submitted a damages dispute existed.

34. On April 3, 2023, GeoVera demanded appraisal pursuant to the Policy's appraisal provision and named David Carver (hereinafter "Carver") at its appraiser. *See April 3, 2023 Appraisal Demand Letter attached hereto as Exhibit "D."*

35. No declaration of appraisers was signed by Carver.

36. On April 4, 2023, Holzem emailed GeoVera stating the Millers had named Rod Buvens (hereinafter "Buvens") as their appraiser and that Buvens "will be going out today with a matterport (sic) to document the condition of the home prior to demo . . . ."

37. No effort was made by Buvens or Holzem to include Carver at the April 4, 2023 inspection.

38. On April 4, 2023, Carver texted, called, and emailed Buvens advising of the need to expedite the appraisal inspection.

39. Buvens never responded regarding scheduling the inspection.

40. On April 5, 2023, Carver called Buvens following up on setting the appraisal inspection.

41. Buvens never responded regarding scheduling the inspection.

42. On April 5, 2023, April 6, 2023, April 7, 2023, and April 11, 2023, Carver emailed Buvens regarding scheduling an inspection of the Property.

43. Buvens never responded regarding scheduling the inspection.

44. Due to the lack of response from Buvens, Carver also emailed Holzem on April 4, 2023, April 10, 2023, and April 12, 2023 advising Holzem of Buvens non-responsiveness.

45. Holzem never responded to Carver until April 12, 2023 at which time he informed Carver "that the home has been demoed. It is my understanding that our appraiser was able to investigate the property prior to the demo."

46. Thereafter, GeoVera spoke with Carver who informed GeoVera he was unable to proceed with the appraisal as an inspection of the Property would be necessary based on the Property being damaged as a result of flooding and wind.

47. Based on Holzem's and Buvens' failure, as the representatives of the Millers, to cooperate with Carver to inspect the Property prior demolition has materially prejudiced GeoVera.

48. Alternatively, GeoVera has been materially prejudiced due to the Millers proceeding with demolition of the Property despite being aware of GeoVera demanding appraisal.

49. Due to this prejudice, GeoVera informed the Millers on April 18, 2023 that GeoVera was denying their supplemental claim and withdrawing the Loss from appraisal. *See April 18, 2023 letter attached hereto as Exhibit "E."*

50. On April 19, 2023, Carver informed GeoVera that Buvens was proceeding with appraisal unilaterally and Buvens had selected an umpire. This is despite Carver informing Buvens he could not proceed with the appraisal due to the Property being demolished and GeoVera withdrawing the Loss from appraisal.

51. Because GeoVera has fully denied the supplemental claim, appraisal is not appropriate as appraisers cannot resolve coverage issues.

52. On April 19, 2023, GeoVera informed the Millers again that GeoVera was not proceeding with appraisal due to GeoVera being materially prejudiced. Furthermore, GeoVera reaffirmed that there was no coverage for the supplemental claim based on GeoVera being materially prejudiced. *See April 19, 2023 correspondence attached hereto as Exhibit "F."*

## THE GEOVERA POLICY

53. The Policy contains several duties after loss which much be complied with in.

54. Specifically, the Policy's US 04 52 (03-21) Master Endorsement – Seasonal/Secondary Usage – Florida states in part:

7

**SECTION I – CONDITIONS**

**C.  Duties After Loss** is replaced by the following:

**C.  Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if there is a failure to comply with the following duties. These duties must be performed either by you, an "insured" seeking coverage, or any of your representatives:

1.  Give prompt notice to us or our agent of a claim, supplemental claim, or reopened claim.

    The term "prompt notice" means within 72 hours after the date you knew or reasonably should have known about the loss or damage.

    The terms "supplemental claim" or "reopened claim" mean any additional claim for recovery from us for losses from any claim, which we previously adjusted pursuant to the initial claim.

4.  Protect the covered property from further damage. The following must be performed:

    b.  If any repairs or mitigation efforts are undertaken to comply with this duty, you must also take reasonable measures to save and preserve any damaged property that has been removed or replaced, including but not limited to building materials, interior finishes, fixtures, plumbing materials, personal property and appliances, for our inspection.

5.  Cooperate with us in the investigation of a claim;

7.  As often as we reasonably require:

    a.  Show the damaged property;

    b.  Provide us with records and documents we request and permit us to make copies;

> All the duties above apply regardless of whether you, an "insured" seeking coverage, or any of your representatives retains or is assisted by a party who provides legal advice or expert claim advice, regarding an insurance claim under this policy.

*See Exhibit "A."*

55. GeoVera has been materially prejudiced in its investigation of the Millers' supplemental claim because Carver was not allowed to inspect the Property prior to the Property being demolished.

56. GeoVera has further been prejudiced because the supplemental claim was not promptly reported to GeoVera as no estimate was submitted to GeoVera until March 29, 2023.

## COUNT I – NO COVERAGE FOR SUPPLEMENTAL CLAIM DUE TO GEOVERA BEING MATERIALLY PREJUDICE

57. GeoVera incorporates and realleges paragraphs 1 through 56.

58. The Millers, or their representatives, have failed to comply with their duties after loss by failing to promptly report a supplemental claim.

59. The Millers, or their representatives, have failed to comply with their duties after loss by failing to cooperate with GeoVera and providing access to the Property in appraisal.

60. The Millers, or their representatives, have failed to comply with their duties after loss by demolishing the Property prior to Carver being able to inspect the Property.

61. Based on the actions of the Millers, or their representatives, they have breached the terms and conditions of the Policy and GeoVera has no duty to issue further payment for the Loss.

62. Additionally, the supplemental claim/damages the Millers are seeking against GeoVera are not covered because GeoVera has been materially prejudiced in its attempt to investigate the supplemental claims.

63. Based on this prejudice, the supplemental claim is not covered under the Policy and GeoVera has no duty to issue any further payment for Claim No. 2224257533.

64. Lastly, GeoVera has no duty to proceed with appraisal of the supplemental claim because the supplemental claim has been denied.

## REQUESTED RELIEF

**WHEREFORE,** GeoVera respectfully request this Court:

a. Declare the Millers, or their representatives, have failed to comply with the Policy's Duties After Loss;

b. Declare that based on the Millers' failure to comply with the Policy's Duties After Loss, GeoVera has been prejudiced.

c. Declare that due to the prejudice to GeoVera, GeoVera has no duty to issue any further payment for Claim No. 2224257533.

DATED: April 26, 2023.

        Respectfully submitted,

        HINSHAW & CULBERTSON LLP

        *s/ Taylor R. Bowman*
Taylor R. Bowman, Esquire
Florida Bar No. 117627
tbowman@hinshawlaw.com
Steven D. Lehner, Esquire
Florida Bar No. 39373
slehner@hinshawlaw.com
100 South Ashley Drive
Suite 500
Tampa, Florida 33602
Telephone : 813-276-1662
Facsimile: 813-276-1956
*Attorneys for Plaintiff*