UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**GEOVERA SPECIALTY INSURANCE COMPANY**,

    Plaintiff,

v.                                                      2:23-cv-292-SPC-NPM

**SHELLY MILLER** and
**JOHN MILLER**,

    Defendants.

## ORDER

In this breach-of-insurance-contract action arising from property damage after Hurricane Ian, the insurer requests that we preclude the insureds from using a purported causation expert because they provided an incomplete disclosure about him and his opinions.[1] Notwithstanding the import of the requested relief, the insureds have elected not to respond to the insurer's motion, so it is treated as unopposed.[2] *See* M.D. Fla. R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

---

[1] The insurer, GeoVera, initiated this action seeking declaratory relief against its insureds, the Millers. The Millers responded with a breach-of-contract counterclaim against GeoVera. Given this posture, the court finds it more convenient to refer to the parties as the insurer and the insureds.

[2] The Local Rule 3.01(g) certification in the motion confirms that insurance counsel conferred with counsel for the insureds about this motion. (Doc. 40 at 9). So, the insureds are aware of the insurer's motion and its requested relief.

At the inception of this action, the court entered the Hurricane Ian Scheduling Order. (Doc. 3). It required the parties to exchange all Rule 26(a)(2) disclosures within 180 days of the response to the complaint. And after the court twice granted sixty-day extensions (Docs. 26, 36), this deadline became May 7, 2024. So, the insureds had 300 days from the filing of their answer to retain and properly disclose any experts.[3]

On the day of the expert-disclosure deadline, the insureds served an incomplete disclosure on the insurer. (Doc. 40-1). This disclosure provided a curriculum vitae for Gerry C. Mertsching and suggested a virtually unlimited scope of potential opinion testimony:

> This causation expert is expected to testify, based on his knowledge, skill, training, education, and experience, on **issues relating, but not limited, to** an inspection of the subject property and his observations, his opinions as to causation and **analysis of the subject residence and review of other inspections** conducted by Plaintiff and Defendant and photographs taken of the subject residence, **and other related factors and matters**.

(Doc. 40-1 (emphasis added)). Essentially left guessing about the full scope of Mertsching's opinions and the grounds therefor, the insurer understandably asks us to not condone the insureds' attempt to litigate by subterfuge.

---

[3] This commencement of this 300-day clock was tolled when the insureds obtained a 29-day extension of time to respond to the complaint. (Doc. 16). While parties in hundreds of other Hurricane Ian cases like this one routinely comply with the 180-day window contemplated in the Hurricane Scheduling Order, the insureds in this matter had 329 days—nearly twice the usual amount of time afforded by the court.

Civil Rule 26(a)(2) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Since the insureds retained Mertsching to provide expert-opinion testimony about the cause of their property damage, a Rule 26(a)(2)(B) disclosure was required. *See Greater Hall Temple Church of God v. S. Mut. Church Ins. Co.*, 820 F. App'x 915, 919 (11th Cir. 2020). Such a disclosure must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous ten years;
> (v) a list of all other cases in which the witness testified as an expert during the previous four years; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). It must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). And compliance with these requirements "is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008).

But here, the disclosure "is entirely devoid of any opinion and the basis and reasons supporting such opinion." *Dyett v. N. Broward Hosp. Dist.*, No. 03-60804-CIV, 2004 WL 5320630, *1 (S.D. Fla. Jan. 21, 2004). And the expert's rates for compensation are not revealed. While the disclosure alludes to inspections and

photographs, they were neither included nor identified. In short, the disclosure is almost useless. It provides nothing of substance that might prevent the need for a deposition of the expert, permit an arrangement of proper rebuttal testimony, or provide a reasonable opportunity to prepare for cross-examination. *See Reese,* 527 F.3d at 1265 ("[T]he expert disclosure rule is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."). Thus, the insureds' disclosure falls well short of Rule 26(a)(2)'s standards.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). With no response to the insurer's motion, the insureds made no attempt and naturally fail to carry this burden.[4] *Cf. Ryder Truck Rental, Inc. v. Logistics Res. Sols., Inc.,* No. 21-21573-CIV, 2022 WL 2658986, *4 (S.D. Fla. Apr. 12, 2022).

---

[4] Unlike other circuits, the Eleventh Circuit has not made clear whether Rule 37(c)(1) provides for a "mandatory and automatic exclusion" if the failure to disclose was neither substantially justified nor harmless. *See Larry v. City of Mobile, Alabama*, No. 22-11697, 2023 WL 4541020, *2 (11th Cir. July 14, 2023). But it makes no difference here because the insureds never responded to the insurer's motion and, thus, never requested a lesser sanction under the rule. For this reason, the court declines to impose one. *See Rodriguez v. Walmart Stores E., L.P.*, No. 2:20-cv-474-SPC-

Accordingly, the insurer's motion (Doc. 40) is **granted**. The insureds may not offer any opinion testimony from Gerry C. Mertsching as evidence on any motion, at any hearing, or at trial.

        **ORDERED** on July 24, 2024

        _____
        NICHOLAS P. MIZELL
        United States Magistrate Judge

---

NPM, 2021 WL 4750087, *7 (M.D. Fla. Oct. 12, 2021), *aff'd*, No. 21-14300, 2022 WL 16757097 (11th Cir. Nov. 8, 2022) (explaining that because the plaintiff never made an argument for a sanction other than exclusion, "it is unnecessary to even consider lesser sanctions").